LUCIAN S. MOORE, JR., TRUSTEE, FOR THE LUCIAN S. MOORE, JR. TRUST, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

GAYLORD W. GILLIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JAMES S. HOLDEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

DAVID S. CARTER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 38011, 42742, 42854, 42940. Promulgated January 26, 1931.

*J. H. Amick, C. P. A.*, for the petitioners.
*Brooks Fullerton, Esq.*, for the respondent.

1364

OPINION.

Trussell: It is contended by counsel for petitioners that the letter from the trustee to the respondent under date of May 18, 1929, and

set out in our findings of fact, constituted an election by the former under section 704 (b) of the Revenue Act of 1928, which provides:

For the purpose of the Revenue Act of 1926 and prior Revenue Acts, a trust shall, at the option of the trustee exercised within one year after the enactment of this Act, be considered as a trust the income of which is taxable (whether distributed or not) to the beneficiaries, and not as an association, if such trust (1) had a single trustee, and (2) was created and operated for the sole purpose of liquidating real property as a single venture (with such powers of administration as are incidental thereto, including the acquisition, improvement, conservation, division, and sale of such property), distributing the proceeds therefrom in due course to or for the benefit of the beneficiaries, and discharging indebtedness secured by the trust property, and (3) has not made a return for the taxable year as an association.

Respondent admits that the Lucian S. Moore, Jr. Trust complies with conditions 1 and 3 of the quoted section, but denies that condition 2 is met, it being insisted by him that sections 14 and 15 of the declaration of trust preclude a claim by petitioners that the organization of the trust was with the sole intention and purpose of liquidating this real estate. In reaching this conclusion, it is evident that these sections have been considered by respondent as declarations of purpose, whereas they are merely grants of power, and it is indicated from the record that these general powers were given the trustee as probably necessary to protect the interests of the trust where occasions might arise calling for reacquisition and resale of the lots in cases where the original purchasers had failed to make their payments.

We can see in the granting of these powers nothing inconsistent with an intention to merely liquidate this one tract in a single venture and, as a matter of fact, the activities of the trustee appear to have been limited to the execution of a contract with a real estate firm to sell the property, the execution of deeds to property sold by that firm, the receipt of remittances from the agent, payment of expenses incurred by such agent, and the distribution of the remaining funds to the four beneficiaries.

We can see in the creation of the trust here in question nothing more than action toward simplifying and making easier the carrying out of the transactions necessary in liquidating the property by placing the title in one party as trustee, and this view is fully borne out by the history of the trust activities. It is insisted by respondent that the trust instrument shows that the creation of the trust was to carry on a general real estate business, but we can see nothing in that instrument inconsistent with an intention merely to sell the trust estate and distribute the proceeds, and it must be admitted that the activities of the trust have been limited to this alone. The trust is one created by four individuals, two of these active real estate men with other businesses occupying their time and wholly distinct and

separate from the business of the trust, and the other two not real estate operators. These four individuals had just acquired a tract of property with the intention of reselling it in small parcels or lots through a real estate agent and accordingly created a trust with a single trustee to hold title. This is a usual and customary procedure in such cases, as otherwise every lot sold by the agent employed would necessitate a joint conveyance by all parties and the death of one party might make exceedingly difficult the handling of the property by the agent, even to the point of requiring the filing of a bill in chancery to approve each sale in case the deceased left minor heirs.

We hold that the trust complies with all three of the conditions prescribed by section 704 (b) of the Revenue Act of 1928 and is entitled to be considered as a trust and to have its income for 1924 and 1925 taxed to its four beneficiaries under the option exercised by it within one year from the enactment of that act.

*Judgment will be entered pursuant to Rule 50.*